IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

LISA MARIE KERR,

      Plaintiff,

v.                                    Case No. 2:16-cv-06589

MARSHALL UNIVERSITY BOARD OF
GOVERNORS, GENE BRET KUHN,
JUDITH SOUTHARD, SANDRA BAILEY,
TERESA EAGLE, LISA HEATON and
DAVID PITTINGER,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is a Motion to Dismiss filed collectively by all of the defendants (ECF No. 6) and the plaintiff's Motion to Reopen and Consolidate Related Actions (ECF No. 10).

## THE PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

This is the second civil action filed by the plaintiff concerning her attempted completion of Marshall's University's Master of Arts in Teaching ("MAT") program, her receipt of a "No Credit" grade for a required student teaching course therein[1], and the

---

1 In the fall of 2013, the plaintiff enrolled in EDF 677 MAT Level III Clinical Experience, which is a Credit/No Credit student teaching program (hereinafter "MAT Clinical III program" or "student teaching experience").

failure to award her a degree and teaching credential.  The defendants named in the present Complaint, which are the same as those named in the plaintiff's initial Complaint, are:  the Marshall University Board of Governors (hereinafter "MUBG")[2], Gene Brett Kuhn, an employee of the Boone County Public School District, whom plaintiff asserts was temporarily under contract with Marshall University as a "Public School Supervising Teacher" for the plaintiff in the MAT Clinical III program; Judith Southard, the plaintiff's "University Supervisor" in the MAT Clinical III program; Sandra Bailey, Marshall's Coordinator of the MAT Clinical III program; Teresa Eagle, the Dean of Marshall's College of Education and Professional Development (the "COEPD"); Lisa Heaton, another Dean of the COEPD and the Program Director for Elementary and Secondary Education, and David Pittenger, the Interim Dean of Graduate Studies at Marshall's Graduate College ("MUGC").

The plaintiff's initial Complaint, which was filed on March 14, 2014, and docketed as Case No. 2:14-cv-12333, alleged seven causes of action: (1) defamation against defendants MUBG, Kuhn, Southard, Bailey, and Eagle; (2) tortious interference with a business expectancy against defendants MUBG, Kuhn, Southard, Bailey, and Eagle; (3) the tort of outrage against defendants MUBG, Kuhn, Southard, Bailey, and Eagle; (4) a

---

[2]  The new Complaint asserts that the MUBG is the policy-making body for Marshall University and "is the proper party to be sued in an official capacity on behalf of Marshall University, MUGC and/or COEPD" under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), and for the purpose of any prospective injunctive relief.  (ECF No. 2 at 9, 11 ¶¶ 29, 37).  The new Complaint also identifies the <u>current</u> members of the MUBG, noting that its membership periodically changes.  (*Id.* at 9, ¶ 28).  The Complaint asserts that, "if the Board directly participated in unlawful policy actions, the Board is also capable of being sued in a personal capacity."  (*Id.*, ¶ 29).  Additional allegations in the new Complaint allege that the MUBG, collectively, failed to enforce Marshall University's Title IX policy against discrimination based upon sexual orientation and other University policies, which led to the denial of her due process rights.   As noted, *infra*, however, these additional allegations are not actionable because all of the plaintiff's claims are barred by res judicata, and are otherwise untimely.

violation of the plaintiff's due process rights under 42 U.S.C. § 1983 ("section 1983") against defendants MUBG, Southard, Bailey, and Eagle; (5) a violation of the plaintiff's equal protection rights under section 1983, based upon sexual orientation discrimination, against defendants MUBG, Southard, Bailey, Eagle, Heaton, and Pittenger; (6) a violation of the plaintiff's equal protection rights under section 1983, as a "class of one" against defendants MUBG, Southard, Bailey, Eagle, Heaton, and Pittenger; and (7) a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, against defendants MUBG and Kuhn.

On March 26, 2015, the presiding District Judge entered a Memorandum Opinion and Order granting the defendants' Motion to Dismiss with respect to the plaintiff's initial Complaint, *Kerr v. Marshall Univ. Bd. of Governors*, Case No. 2:14-cv-12333, ECF No. 28, 2015 U.S. Dist. LEXIS 38206 (S.D.W. Va. Mar. 26, 2015) ("District Court Opinion"). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the District Court's decision on May 24, 2016. *Kerr v. Marshall Univ. Bd. of Governors,* 824 F.3d 62 (4th Cir. 2016) ("Fourth Circuit Opinion").

Accepting as true all of the allegations in the initial Complaint, the Fourth Circuit addressed, *de novo*, each of the seven claims raised by the plaintiff and found that the District Court properly dismissed each of those claims. The Fourth Circuit Opinion did not remand the case for amendment or further consideration of any of the plaintiff's claims. The plaintiff did not seek a writ of certiorari for review in the Supreme Court of the United States.

The plaintiff then filed this second civil action on July 22, 2016. The present Complaint, numbering 102 pages, re-alleges a defamation claim, an equal protection

3

claim based upon sexual orientation discrimination, which is now pled under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), and a due process claim against the same defendants. The plaintiff's present Complaint also attempts to plead her due process claim as a class action on behalf of "Marshall graduate students denied a West Virginia teaching credential." (*Id.* at 94-95).

On October 26, 2016, the plaintiff filed a Response to the Motion to Dismiss (ECF No. 9) and a Motion to Reopen and Consolidate Related Actions (ECF No. 10). On November 2, 2016, the defendants filed a Reply to the plaintiff's Response to the Motion to Dismiss (ECF No. 11). On November 9, 2016, the defendants filed a Response to the plaintiff's Motion to Reopen and Consolidate Related Actions (ECF No. 12). On November 16, 2016, the plaintiff filed a Reply in support of her Motion to Reopen and Consolidate Related Actions (ECF No. 13). The content of these documents will be discussed as necessary *infra*. This matter is ripe for adjudication.

## **STANDARD OF REVIEW**

A trial court must dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "Rule 12(b)(6) authorizes dismissal based upon a dispositive issue of law." *Guthrie v. Blue Ridge Sav. Bank, Inc.*, 114 F. Supp.2d 431, 433 (W.D.N.C. 2000) (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). The affirmative defense of res judicata is a dispositive legal issue that can subject a complaint to dismissal under Rule 12(b)(6). *See Dovani v. Va. Dept. of*

*Transp.*, 434 F.3d 712, 720 (4th Cir. 2006); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Similarly, where an affirmative defense such as the application of a statute of limitations is apparent from the face of the Complaint, such defense may also be resolved in a motion to dismiss under Rule 12(b)(6). *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

## ANALYSIS

### A. This civil action is barred by res judicata.

The defendants' Motion to Dismiss asserts that dismissal of the plaintiff's first civil action was a dismissal on the merits and with prejudice. The motion further asserts that the instant civil action, which asserts identical or similar claims against the same defendants and arising out of the same facts, is barred by the doctrine of res judicata.

Res judicata "bars a party from relitigating a claim that was **decided or could have been decided in an original suit**." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (emphasis added by the defendants). (ECF No. 7 at 6). As noted by the defendants, the doctrine of res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parkline Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). (*Id.* at 6-7).

"The application of res judicata turns on the existence of three factors: '(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'" *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (quoting *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004)). The Fourth Circuit has broadly

5

applied the doctrine in order to "eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results." *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 77 (4th Cir. 1967). Thus, the Court has made clear that "the preclusive effect of a prior judgment extends beyond claims or defenses actually presented in previous litigation," *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991), and "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of Am., Inc. v. E. Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (4th Cir. 1979)).

Noting that the plaintiff has admitted that this civil action is entirely derivative of her first case, the defendants' motion asserts that the instant case meets all of the requirements for application of res judicata. First, the defendants contend that the District Court's dismissal of the plaintiff's first case was a judgment on the merits and a dismissal with prejudice. (ECF No. 7 at 5). Their Memorandum of Law asserts that the Fourth Circuit has conclusively addressed the fact that a dismissal for failure to state a claim under Rule 12(b)(6) is with prejudice, unless the court specifically orders dismissal without prejudice. *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009); *see also Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). (*Id.*) In *McLean*, the Court held:

> When the word "dismissed" is coupled with the words "[for] fail[ure] to state a claim upon which relief can be granted, the complete phrase has a well-established legal meaning. Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with

prejudice.

566 F.3d at 396.

The defendants further assert that the plaintiff cannot dispute that the parties in both suits are identical and that the claims "arise out of the same transaction or series of transactions, or the same core operative facts." *First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough*, 81 F.3d 1310, 1316 (4th Cir. 1996). (*Id.* at 8). Their Memorandum of Law asserts:

> This action shares an identical core of operative facts with the first action. In this case, just like in the first case, all of the alleged causes of action stem from Plaintiff's time as a student teacher in Marshall University's Master of Arts in Teaching program during the fall of 2013. (ECF 2 ¶¶ 16, 126, *generally*); *Kerr*, 2015 U.S. Dist. LEXIS 38206, at *2. Plaintiff's first case, just like this case, alleged causes of action for defamation, due process violations and equal protection related to sexual orientation discrimination, amongst other things. *Kerr*, 2015 U.S. Dist. LEXIS 38206, at *11; (ECF 2). Most importantly, according to Plaintiff's subject Complaint she admits that she brought this action to "**amend[] and re-assert[]**" **these causes of action**. (ECF 2 ¶ 18) (emphasis added). Moreover, according to Plaintiff, her new action only contains an "**amended and reinstated Complaint [that] merely corrects 12(b)(6) pleading defects in the Original Actions Claims One (defamation), Four (due process) and Five (equal protection based on sexual orientation bias)**." (*Id.* at ¶ 24) (emphasis added). In light of the identical causes of action that all arise from Plaintiff's student teaching experience in the fall of 2013 and Plaintiff's admission that her new claim is entirely derivative of her initial claim, it is clear that Plaintiff's Complaint raises causes of action that are identical to the causes of action raised in her initial case (Civil Action No. 2:14-cv-12333). Thus, even if Plaintiff's new Complaint contains a more detailed version of her allegations, her claims are barred by res judicata claim preclusion.

(*Id.* at 8-9).

The defendants further assert that the plaintiff's attempts to include references to Title IX in association with her equal protection claim cannot save this civil action from dismissal because the plaintiff "could have and should have formally alleged Title IX in

7

her initial action." (*Id.* at 9).³ The defendants further assert that [t]he Title IX aspect of her subject action clearly arose from the 'same transaction or series of transactions' as her initial claim and shares [the] 'same core of operative facts' with her first action." (*Id.*) (quoting *First Union Commercial Corp., supra*, 81 F.3d at 1316). Thus, the defendants contend:

> In light of the well settled law, Plaintiff's admission regarding the derivative nature of her current claims, and the outcome of the first case, Plaintiff unquestionably already had her opportunity to litigate these issues. She even received the privilege of an oral argument before the Fourth Circuit. *Kerr*, 824 F.3d [at] 62. After briefing and oral argument, the Fourth Circuit affirmed this Court's decision in a thorough opinion. *Id.* Thus, the issues set forth in her Complaint were **already adjudicated on the merits and dismissed with prejudice**. As explained herein, the Court must dismiss Plaintiff's current action.

(ECF No. 7 at 6) (emphasis added).

The plaintiff's Response to the Motion to Dismiss asserts that her claims are not barred by res judicata, but are, rather, an amendment of her earlier claims "in compliance with the Fourth Circuit's decision on appeal." (ECF No. 9 at 1). The plaintiff argues that "the Fourth Circuit affirmed the dismissal, but declined to adopt the District Court's rationale, or the factual recitals therein." (*Id.* at 7). She further contends:

> Instead, in line with the Defendants' tactical retreat at oral argument, the controlling appellate decision in *Kerr I* relied only on *pleading* insufficiencies in the Original Complaint. The May 24, 2016 judgment of the Court of Appeals stated that the dismissal was affirmed "in accordance with the decision of this court." Mandate was issued on June 29, 2016.

(*Id.*)

---

3  The defendants' Memorandum of Law acknowledges that the plaintiff referenced Title IX in her appellate briefs and argument in the first case. However, the Fourth Circuit specifically found that she did not assert a claim under Title IX in her initial Complaint. *Kerr*, 824 F.3d at 73.

8

Thus, the plaintiff believes that the Fourth Circuit Opinion gave her license to amend her claims to attempt to more thoroughly plead them, and she asserts that her instant Complaint remedies the cited deficiencies. Her Response contends that "[a] district court's 12(b)(6) judgment may be 'final' for res judicata purposes – but *only* when a party fails to appeal it." (*Id.* at 11) (citations omitted). The plaintiff further contends that "[i]n contrast, when a 12(b)(6) ruling has been appealed, the only 'final judgment on the merits' is the judgment of the appellate court and the specific grounds on which it rests." (*Id.*) Her Response further argues that:

> The *Kerr I* appellate decision was limited to pleading insufficiencies, which are fully remedied in Plaintiff's new Complaint. That is the operative final judgment on the merits, and Plaintiff has complied with it. The changes are not minor or conclusory. Her Original Complaint contained only 24 pages. In contrast, her amended Complaint comprises 102 pages – more than four times its original length, although only three of the seven claims are re-asserted! The new Complaint also includes eight exhibits from Marshall's records, which were not part of the Original Complaint, and which corroborate the abrupt change in Marshall's treatment of Plaintiff after learning of her homosexual orientation. *See supra* at 7-9 (cataloging extensive revisions, and linking them with each element of the appellate ruling). The Complaint is therefore sufficient as a matter of law, and not barred.

(*Id.* at 12).

However, as noted previously herein, the Fourth Circuit did not remand the initial civil action in order to allow the plaintiff to amend, a course of action which the appellate court has employed where the court believed that a dismissal with prejudice was inappropriate. *See, e.g., King v. Rubenstein*, 825 F.3d 206 (4th Cir. 2016) (remanding pro se civil rights action to permit amendment where court believed there were potentially

9

cognizable claims). [4] Rather, the Fourth Circuit specifically addressed each of the plaintiff's seven claims, found that the District Court appropriately dismissed each claim, and affirmed the District Court Opinion without modification or remand for additional proceedings. *Kerr*, 824 F.3d 62, *passim*.

As discussed in the defendants' Reply:

> Despite Plaintiff's inappropriate and confusing argument, the Fourth Circuit's decision that affirmed this Court's decision regarding the first action was certainly on the merits and with prejudice. Specifically, the Fourth Circuit analyzed Plaintiff's defamation claim at length. *Kerr*, 824 F.3d at 73-77. First, the Fourth Circuit agreed with this Court's decision that the alleged defamatory statements were not capable of defamatory meaning. *Id.* at 75. Whether or not a statement is capable of defamatory meaning is a gatekeeping function that is delegated to courts to decide as a matter of law. *Syl. Pt. 6, Long v. Egnor*, 346 S.E.2d 778, 779 (W. Va. 1986). Moreover, the Fourth Circuit even went further than this Court did regarding defamation and found that, even if Defendants "had made statements capable of defamatory meaning. [Defendants'] statements would still be protected by qualified privilege." *Kerr*, 824 F.3d at 75. The Fourth Circuit also engaged in a lengthy analysis of Plaintiff's due process and equal protection claims. *Id.* at 79-82. According to the Fourth Circuit, both of those claims were properly dismissed by this Court because they failed as a matter of law. *Id.*

(ECF No. 11 at 4-5). The defendants further note that, if the Fourth Circuit had considered the District Court's dismissal to be without prejudice and subject to amendment of the Complaint, it would have dismissed the appeal for lack of jurisdiction and remanded the case to the District Court to allow the plaintiff to amend the Complaint. *See Goode v. Central Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (a case also relied upon by the plaintiff to support her contention that the District Court's 12(b)(6) dismissal was a "final, appealable order.") (ECF No. 9 at 13; ECF No. 11 at 5-6).

---

4 Here, the District Court is reminded that, although the Complaint was brought pro se, the plaintiff is a trained attorney with more than 15 years of experience.

The dismissal of the plaintiff's first case under Rule 12(b)(6) was undoubtedly a dismissal on the merits and was with prejudice. That determination was unequivocally upheld on appeal. The instant case attempts to re-file three of the same claims, or similar claims arising out of the same core operative facts (including the plaintiff's claim brought pursuant to Title IX, which should have been properly asserted in the first action), against the same defendants. Thus, the undersigned proposes that the presiding District Judge **FIND** that the instant Complaint is barred by the doctrine of res judicata and must be dismissed with prejudice.

The defendants further assert that the plaintiff's new Complaint is barred by the doctrines of waiver and estoppel. (ECF No. 7 at 11-12). The undersigned agrees with the defendants' argument to the extent that a party may not seek amendment of a complaint after its dismissal, unless the party is successful in setting aside the dismissal order. *See Calvary Christian Ctr. v. City of Fredericksburg, Va.*, 710 F.3d 536, 537-38 (4th Cir. 2013). Here, because the plaintiff failed to seek amendment of her Complaint before it was dismissed, has failed to have the dismissal order properly set aside[5], and further failed to continue her appeal to the United States Supreme Court, the undersigned proposes that the presiding District Judge **FIND** that she has waived the ability to seek relief in a second civil action.

---

5 In section D, *infra*, the undersigned has recommended that the plaintiff's Motion to Reopen and Consoldiate Related Cases (ECF No. 10), which the undersigned has construed as a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, be denied.

11

### B. The instant Complaint is untimely.

The defendants' Motion to Dismiss and Memorandum of Law also assert that the instant Complaint was untimely filed. (ECF No. 6 at 1; ECF No. 7 at 12-13). The Memorandum of Law further asserts that, because the untimeliness is apparent from the face of the Complaint, it is appropriate to raise such a defense in a Rule 12(b)(6) motion. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (noting that a Rule 12(b)(6) challenge cannot reach the merits of an affirmative defense, except in "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint . . . ."). (ECF No. 7 at 12). Noting that the new Complaint specifically alleges that "Plaintiff's claim accrued on or about January 29, 2014," (ECF No. 2 at 7), the defendants contend that the "Complaint is specific enough to allow Defendants to use the above-described exception" and that "the statute of limitations issue is ripe for adjudication." (*Id.*)

There is no specified statute of limitations set forth under Title IX or section 1983. However, it is well-established that civil rights cases filed in federal court follow the analogous state limitation. *Blanck v. McKeen*, 707 F.2d 817 (4th Cir. 1983). West Virginia has a two-year statute of limitations for cases similar to § 1983 cases and other personal injuries. W. Va. Code § 55-2-12(b); *see McCausland v. Mason County Bd. of Educ.*, 649 F.2d 278 (4th Cir. 1981); *Rodgers v. Corporation of Harpers Ferry*, 371 S.E.2d 358 (W. Va. 1988). Thus, a two-year statute of limitations applies to the plaintiff's proposed federal claims. Moreover, West Virginia law provides a one-year statute of limitations on defamation claims. W. Va. Code § 55-2-12(c); *Wilt v. State Auto. Mut. Ins. Co.*, 506 S.E.2d 608, 613 (W. Va. 1998) ("Numerous torts such as libel, defamation, false

12

arrest, false imprisonment and malicious prosecution take the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c)."); *see also Herbert J. Thomas Mem. Hosp. Ass'n v. Nutter*, 795 S.E. 2d 530, 545-546 (W. Va. 2016) (finding defamation claim was barred by one-year statute of limitations). Thus, taking as true the plaintiff's allegation that her claims accrued on or about January 29, 2014, the defendants assert that the statute of limitations had expired for all of the plaintiff's claims asserted in her new Complaint before it was filed on July 22, 2016. (ECF No. 7 at 12-13).

The plaintiff, on the other hand, asserts, without citing any authority in support thereof,[6] that the applicable statutes of limitations were tolled during the pendency of her first civil action. Her response states "Pendency of an action tolls the statute of limitations – a bedrock principle that Defendants ignore." (ECF No. 9 at 15). In further support of her assertion, the plaintiff cites to paragraphs 15-23 of her new Complaint in which she emphasizes her belief that "*THIS COMPLAINT IS NOT TIME-BARRED*" and contends that the "applicable limitations periods were tolled between March 14, 2014 and June 29, 2016" (the time period between when she filed her first Complaint and when the Fourth Circuit issued its mandate affirming the dismissal thereof). (ECF No. 9 at 15; ECF No. 2 at 7). Thus, she maintains that "*Less than THREE MONTHS have elapsed without an action pending on Plaintiff's claims. This Complaint is therefore not time-barred.*" (*Id.*) The undersigned is unaware of any legal authority upon which the plaintiff's assertions may be grounded.

---

6 In a footnote in her Response, the plaintiff does cite to Fed. R. Civ. P. 3, which simply states that a civil action is commenced by filing a complaint with the court. (ECF No. 9 at 4 n.3). However, Rule 3 does not in any way address whether the filing of a Complaint tolls the statute of limitations with respect to claims not raised in an initial Complaint or those that are subsequently dismissed and attempted to be re-asserted in a new civil action.

13

The plaintiff further asserts that, even absent her tolling argument, her claims should still be found to be timely using the West Virginia "savings statute," found in W. Va. Code § 55-2-18, which provides as follows:

> (a) For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and: (i) the action was involuntarily dismissed for any reason not based upon the merits of the action; or (ii) the judgment was reversed on a ground which does not preclude a filing of new action for the same cause.

W. Va. Code § 55-2-18(a). Because the plaintiff's first Complaint was involuntarily dismissed on the merits and the initial judgment has not been reversed, the undersigned proposes that the presiding District Judge **FIND** that the West Virginia savings statute is inapplicable to the plaintiff's case. The undersigned further proposes that the presiding District Judge **FIND** that all of the plaintiff's claims asserted in her new Complaint are barred by the applicable statutes of limitations.

### C. The plaintiff cannot serve as a class representative.

The plaintiff's new Complaint seeks to litigate her due process claim as a class action brought on behalf of "Marshall graduate students denied a West Virginia teaching credential." (*Id.* at 94-95). On pages 94 and 95 of the Complaint, the plaintiff attempts to set forth the criteria necessary for class certification; however, the undersigned notes that she has not filed a separate motion for class certification. Significantly, the plaintiff's Complaint asserts that "as a representative party, Plaintiff will fairly and adequately protect the interests of the class." (*Id.* at 94, ¶ 289(d)). However, the plaintiff is the sole plaintiff listed in the Complaint and, in light of the fact that her due process claim was previously dismissed with prejudice, the undersigned proposes that the

14

presiding District Judge **FIND** that she cannot serve as a proper class representative.

### D. The plaintiff's Motion to Reopen and Consolidate Related Actions.

In conjunction with her Response to the defendants' Motion to Dismiss, the plaintiff filed a Motion to Reopen and Consolidate Related Actions (ECF No. 10), in which she requests that this Court consolidate this second civil action with her closed first civil action, Case No. 2:14-cv-12333, and "reopen the judgment" in the first civil action, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.[7]  Rule 60(b), Federal Rules of Civil Procedure, reads, in pertinent part, as follows:

> **(b) Grounds for Relief from a Final Judgment, Order or Proceeding.**  On motion and just terms, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) is addressed to the sound discretion of the district court.  *Central Operating Co. v. Utility Workers of Am.*, 491 F.2d 245, 252 (4th Cir. 1974); *Consol. Masonry & Fireproofing v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

The plaintiff's Rule 60(b) motion is brought under subsection (6) which states that relief from judgment may be granted for "any other reason that justifies relief."  Fed. R.

---

7  The undersigned notes that the Rule 60(b) motion has not been docketed in the plaintiff's first civil action, Case No. 2:14-cv-12333, which is closed.

15

Civ. P. 60(b)(6). The Fourth Circuit has emphasized that a party must demonstrate "extraordinary circumstances" in order to employ Rule 60(b)(6) "as a bypass around routinely available procedures, particularly when his failure to use those procedures was the product of his strategic litigation choices." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (en banc). More recently, another district court within the Fourth Circuit found that:

> Relief in this 'catch all' category is exceedingly rare, *In Re: Guidant Corp. Implantable Defibrilators Prod. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007), and rests on a highly fact-intensive balancing of finality and doing justice, *West v. Carpenter,* 790 F.3d 693, 697 (6th Cir. 2015).

*Belfor USA Grp., Inc. v. Banks*, No. 2:15-CV-01818-DCN, 2017 WL 372060, at *2 (D.S.C. Jan. 26, 2017).

The plaintiff asserts that she made this motion within a "reasonable time" as required by Rule 60(c)(1). However, beyond referencing her Response to the defendants' Motion to Dismiss and "the interests of justice," she offers no further basis for why the District Court should revisit its final judgment and wholly fails to establish any "extraordinary circumstances" to justify reconsideration of the court's final judgment in her first case. Rather, her motion largely focuses on the request for consolidation, asserting that consolidation "would promote judicial efficiency, accuracy and economy." (ECF No. 10 at 2). Nonetheless, in light of the proposed findings that the plaintiff's first complaint was dismissed with prejudice and the new Complaint is barred by res judicata and is untimely, the undersigned proposes that the presiding District Judge **FIND** that there is no valid basis for reconsideration of the first judgment or consolidation of these matters.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion to Dismiss (ECF No. 6), and dismiss this civil action with prejudice. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion to Reopen and Consolidate Related Actions (ECF No. 10).

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

June 28, 2017

Dwane L. Tinsley
United States Magistrate Judge