IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LISA MARIE KERR,

            Plaintiff,

v.                                          CIVIL ACTION NO.   2:16-cv-06589

MARSHALL UNIVERSITY BOARD OF GOVERNORS, et al.,

            Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants Sandra Bailey, Teresa Eagle, Lisa Heaton, Gene Brett Kuhn, Marshall University Board of Governors ("MUBG"), David Pittenger, and Judith Southard's (collectively, "Defendants") Motion to Dismiss (ECF No. 6) and Plaintiff Lisa Kerr's ("Plaintiff") Motion to Reopen and Consolidate Related Actions (ECF No. 10).   By Standing Order entered January 4, 2016, and filed in this case on July 22, 2016, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R").   Magistrate Judge Tinsley filed his PF&R (ECF No. 19) on June 28, 2017, recommending that this Court grant Defendants' Motion to Dismiss and deny Plaintiff's Motion to Reopen and Consolidate Related Actions.

*I.     BACKGROUND*

This is the second civil action Plaintiff has filed stemming from her attempted completion of Marshall University's Master of Arts in Teaching ("MAT") program, for which she was not awarded a degree due to her receipt of a "no credit" grade for the program's required MAT Level

III Clinical Experience student teaching course.   Plaintiff's Complaint ("2014 Complaint") in her first action relating to these events, Case No. 2:14-cv-12333 ("2014 Action"), was filed in this Court on March 14, 2014.   That Complaint named the same seven Defendants named in this action, and alleged seven causes of action: (1) defamation against Defendants MUBG, Kuhn, Southard, Bailey, and Eagle; (2) tortious interference with a business expectancy against Defendants MUBG, Kuhn, Southard, Bailey, and Eagle; (3) the tort of outrage against Defendants MUBG, Kuhn, Southard, Bailey, and Eagle; (4) a violation of the plaintiff's due process rights under 42 U.S.C. § 1983 ("section 1983") against Defendants MUBG, Southard, Bailey, and Eagle; (5) a violation of the plaintiff's equal protection rights under section 1983, based upon sexual orientation discrimination, against Defendants MUBG, Southard, Bailey, Eagle, Heaton, and Pittenger; (6) a violation of the plaintiff's equal protection rights under section 1983, as a "class of one" against Defendants MUBG, Southard, Bailey, Eagle, Heaton, and Pittenger; and (7) a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, against Defendants MUBG and Kuhn.

Defendants filed a Motion to Dismiss in the 2014 Action on May 28, 2014, and on March 26, 2015, this Court entered its Memorandum Opinion and Order granting that motion and dismissing each of Plaintiff's claims for failure to state a claim on which relief could be granted. *See Kerr v. Marshall Univ. Bd. of Governors*, No. 2:14-CV-12333, 2015 WL 1405537 (S.D. W. Va. Mar. 26, 2015).   Plaintiff appealed this Court's judgment, and on March 22, 2016, the United States Court of Appeals for Fourth Circuit heard oral arguments.   On May 24, 2016, the Fourth Circuit entered its Opinion affirming this Court's Opinion on all seven counts.   *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62 (4th Cir. 2016).   Plaintiff's petition for rehearing

was denied in a brief opinion, and she did not attempt to appeal the Fourth Circuit's decision to the United States Supreme Court by filing a petition for writ of certiorari.

Plaintiff filed her Complaint in the instant action on July 22, 2016, re-alleging her defamation claim, her due process claim, and her equal protection claim based on sexual orientation discrimination.[1]   Plaintiff's Complaint in this action also attempts to plead her due process claim as a class action claim.   Defendants filed their Motion to Dismiss on October 13, 2016, arguing that each of the claims in the new complaint was barred by *res judicata* and the applicable statutes of limitations.   Plaintiff filed her Motion to Reopen and Consolidate Related Actions on October 26, 2016.   Both motions were fully briefed, and Magistrate Judge Tinsley filed his PF&R addressing them on June 28, 2017

## II.   LEGAL STANDARD

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   Objections to the PF&R were due on July

---

[1] In this action, unlike in her 2014 Complaint, Plaintiff raises her equal protection claim under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX").

17, 2017.   Plaintiff filed timely Objections (ECF No. 20) on July 5, 2017, and Defendants filed a

Response (ECF No. 21) on July 19, 2017.

### III.   DISCUSSION

Before addressing Plaintiff's specific objections individually, the Court finds it necessary

to address Plaintiff's apparent misapprehension about the result of the 2014 Action.   Plaintiff

obviously views this second action as nothing more than an attempt to amend her 2014 Complaint;[2]

this is clear from her persistent citations to Rule 15 of the Federal Rules of Civil Procedure

throughout her briefing and Objections, regardless of that rule's relevance to the issues.

Plaintiff's belief that she is entitled to amend her 2014 Complaint apparently stems from a

fundamental misunderstanding of the implications of this Court's dismissal of the 2014 Action.

This Court's Memorandum Opinion and Order did not specify that its dismissal was without

prejudice; therefore, according to Fourth Circuit precedent, the dismissal was with prejudice and

operated as an adjudication on the merits.   *See McLean v. United States*, 566 F.3d 391, 396 (4th

Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a

claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with

prejudice."); *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("A

district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically

orders dismissal without prejudice.").   Plaintiff apparently understood that this Court's dismissal

operated as a judgment on the merits, as she filed an appeal to the Fourth Circuit.   However, she

seems to believe that the dismissal was only with prejudice because this Court based its dismissal

---

[2] In her Objections, Plaintiff laments that "Defendants and the Magistrate [Judge] have blown Plaintiff's simple act of amending her complaint *way* out of proportion."   (ECF No. 20 at 1 (emphasis in original).)

on what she terms to be the Defendants' "Quasi-immunity academic discretion" argument.[3]   (ECF No. 20 at 3–4.)   It is apparently Plaintiff's understanding that this was the basis of this Court's dismissal, but that when faced with questioning about this theory during oral arguments, Defendants abandoned this argument on appeal and instead relied on arguments that the Complaint was insufficient on its face to state any claims.   Though the Fourth Circuit ultimately affirmed this Court's dismissal of all of Plaintiff's claims, she seems to believe that because the Fourth Circuit's rationale was based on her failure to state a claim, she is automatically entitled to amend her Complaint.

It is true that, when the Fourth Circuit affirms a dismissal on a different basis than that relied on by a district court, it *may* remand the action to the district court to determine if the dismissal should be without prejudice.   *See Carter*, 761 F.2d at 974–75 (remanding action to district court for a determination of whether dismissal should be with or without prejudice after affirming dismissal on 12(b)(6) grounds where district court relied on 12(b)(1)).   However, this is inapplicable here, as the Fourth Circuit affirmed the dismissal of Plaintiff's 2014 Complaint on the same Rule 12(b)(6) grounds upon which this Court relied.

Apparently, due to her belief that the Fourth Circuit affirmed this Court's dismissal of her 2014 Complaint on a different basis than this Court relied on, Plaintiff declares that "[t]he Fourth Circuit's opinion was essentially a victory for Plaintiff."   (ECF No. 20 at 9.)   As an initial matter, Plaintiff fundamentally misunderstands this Court's Memorandum Opinion and Order granting Defendants' Motion to Dismiss in her 2014 Action.   In that order, this Court found that each of

---

[3] The Court notes that, in its opinion dismissing the 2014 Action, it determined that sovereign immunity barred suit against MUBG and the individual Defendants to the extent they were sued in their official capacities.   *See Kerr*, 2015 WL 1405537 at *9–11.   However, as this holding did not entirely eliminate any of Plaintiff's claims, it does not seem to be the basis for Plaintiff's view that her 2014 Action was dismissed on a "quasi-immunity" basis.

the claims Plaintiff had attempted to raise failed to state a claim upon which relief could be granted. [4]   This Court determined that Plaintiff's defamation claim was legally insufficient because it was premised on alleged statements that were not provably false and thus could not be defamatory.   *See Kerr*, 2015 WL 1405537, at *11–12.   With respect to her equal protection claim based on sexual orientation, this Court determined that Plaintiff's allegations did not show that the Defendants knew of her homosexual orientation, that they harbored discriminatory animus, or that they treated her differently than similarly-situated heterosexual students.   *See id.* at *22.   On Plaintiff's procedural due process claim, this Court found that the alleged decision to give Plaintiff a "no credit" grade was an academic evaluation, such that she could only demonstrate a constitutional violation by showing that Defendants' decision was arbitrary and capricious. [5]   *See id.* at *20.   The Court found that the alleged conduct Plaintiff based her due process claim on was not arbitrary and capricious, and thus dismissed Plaintiff's procedural due process claim for failure

---

[4] Though Plaintiff initially attempted to raise other claims in her first action, she is only attempting to reassert her defamation, due process, and equal protection based on sexual orientation claims in this action.   Accordingly, the Court declines to specifically discuss its disposition of her other claims in the 2014 Action.

[5] As explained in this Court's opinion in Plaintiff's first action, the Fourth Circuit standard for evaluating the procedural due process of a subjective decision differs from an objective one, in that "the process due one subject to [a] highly subjective evaluative decision can only be the exercise of professional judgment by those empowered to make the final decision in a way not so manifestly arbitrary and capricious that a reviewing court could confidently say of it that it did not in the end involve the exercise of professional judgment."   *Siu v. Johnson*, 748 F.2d 238, 245 (4th Cir. 1984).   This Court determined that, as alleged in her Complaint, the Defendants' decisions that Plaintiff believes were made in violation of her procedural due process rights—her "no grade" evaluation and her subsequent inability to graduate the MAT program—were subjective evaluations subject to this relaxed standard.   *See Kerr*, 2015 WL 1405537, at *18–20.   There is significant support from both the United States Supreme Court and the Fourth Circuit for the understanding that an academic evaluation, like the one Plaintiff alleged, is a subjective decision.   *See, e.g.*, *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985) ("When judges are asked to review the substance of a genuinely academic decision, such as this one, they should show great respect for the faculty's professional judgment.   Plainly, they may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment."); *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 462 (4th Cir. 2012) ("In the context of due-process challenges, the Supreme Court has held that a court should defer to a school's professional judgment regarding a student's academic or professional qualifications."); *Betts v. Rector & Visitors of Univ. of Va.*, No. 97-1850, 1999 WL 739415, at *8 (4th Cir. 1999) (applying the "arbitrary and capricious" standard for subjective decisions to a procedural due process challenge to a school's determination that a student had not met the standards for admission into a medical school).

to state a claim.  *See id.* at *20.  The Court similarly found that the Defendants' alleged conduct was not egregious and arbitrary, so she could not state a substantive due process claim.  *See id.* at *21.  The Fourth Circuit affirmed the dismissal of these claims based on Plaintiff's failure to state a claim for which relief could be granted.  *See Kerr*, 824 F.3d at 73–74.

Plaintiff's misinterpretation of this Court's decision to dismiss her initial case seems to come from the analysis of her due process claim.  This Court determined that, because the decisions Defendants made to assign Plaintiff a grade of "no credit" for her student teaching course and to decline to allow her to graduate the MAT program were academic in nature, she could only demonstrate a violation of her due process rights by showing that the decision was arbitrary and capricious.  To the extent the Court can determine the source of Plaintiff's belief that her initial claim was dismissed on the basis of "quasi-immunity academic discretion," it appears to stem from this procedural due process standard.  It seems that Plaintiff interpreted this Court's recognition of the relevant—and highly deferential—standard for evaluating procedural due process claims based on academic evaluations as a legal finding analogous to immunity for the Defendants.[6]

Unfortunately for Plaintiff, as detailed above, this Court dismissed her 2014 Action because her allegations failed to state any claims on which relief could be granted.  Plaintiff needed to plead facts showing that Defendants' academic evaluation of her was arbitrary and

---

[6] Plaintiff also makes much of some questioning that occurred at oral argument.  According to Plaintiff, due to "intensive panel questioning" the Defendants "retreated from their merits positions in oral argument, and urged the panel to rely solely on insufficiencies in Plaintiff's initial pleading."  (ECF No. 20 at 2, 9.)  The Court offers no opinion on whether Defendants initially attempted to assert a merits argument during oral argument, because it is irrelevant.  As discussed above, this Court dismissed Plaintiff's complaint in her initial action because it failed to state a claim, and the Fourth Circuit affirmed this Court's dismissal on the same basis.  *See Murdaugh Volkswagen, Inc. v. First Nat'l Bank of S.C.*, 741 F.2d 41, 44 (4th Cir. 1984) ("Courts must speak by orders and judgments, not by opinions, whether written or oral, or by chance observations or expressed intentions made by courts during, before or after trial, or during argument. When the terms of a judgment conflict with either a written or oral opinion or observation, the judgment must govern.")  Whether Defendants misinterpreted this Court's opinion in the same way Plaintiff did is immaterial.

capricious in order to state a claim that they violated her procedural due process rights.   This Court found that the Defendants' alleged conduct at issue was not arbitrary and capricious, so she could not state a procedural due process claim.   While the Fourth Circuit discussed some of Plaintiff's claims in greater depth than this Court initially did,[7] and in several instances focused on different legal insufficiencies, it ultimately affirmed this Court's dismissal on the same rationale.[8]

## A.  Application of Fourth Circuit Mandate

Plaintiff's first specific objection purports to object to the PF&R's failure to follow the Fourth Circuit's mandate, in violation of the "mandate rule."   She asserts there is no indication in the Fourth Circuit's decision that the Court "intended the extremely rare outcome of precluding Plaintiff from amending her complaint to remediate the basis for their decision."   (ECF No. 20 at 5.)   Accordingly, Plaintiff believes the PF&R errs in its understanding that this Court's dismissal with prejudice of Plaintiff's 2014 Action was upheld on appeal.

The mandate rule is a "more powerful version of the law of the case doctrine."   *Invention Submission Corp. v. Dudas*, 413 F.3d 411, 414 (4th Cir. 2005).   "Few legal precepts are as firmly

---

[7] As discussed above, it appears that Plaintiff's misunderstanding of this Court's initial decision came from its analysis of her procedural due process claim.   In the context of this claim, the Fourth Circuit discussed the internal processes Marshall provided Plaintiff in assigning her a "no credit" grade and in allowing her to appeal that grade.   The Fourth Circuit observed that this process would have been sufficient to protect her due process rights, if she had sufficiently pled a protected property interest, which that Court determined she had not.   *See Kerr*, 824 F.3d at 80–81.   It is possible that this more specific discussion of the process she was afforded caused Plaintiff to believe the Fourth Circuit had arrived at a different holding than this Court.   However, the Fourth Circuit not only found that Plaintiff failed to allege deficient procedure, it also found that her allegations showed she was not entitled to a property interest sufficient to trigger due process rights—a fact that this Court presumed for the purposes of the Rule 12(b)(6) stage.   That the Fourth Circuit found that she failed to state a due process claim for more reasons than this Court did does not change the basis for dismissal; both courts determined Plaintiff's allegations, taken as true, were legally insufficient to state a claim for a violation of her due process rights.

[8] Bafflingly, in a move that contradicts her accounts of the 2014 Action nearly everywhere else and undermines essentially all of her arguments, Plaintiff acknowledges in her Complaint in the instant action that "[t]he District Court dismissed the seven original claims in an opinion dated March 26, 2015, on the basis of 12(b)(6) pleading defects." (ECF No. 2, ¶ 20.)   Here she also asserts that this Court's dismissal was without prejudice, which not only contradicts her apparent understanding of the dismissal as a final appealable order, but also misconstrues federal law.   *See Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.").

established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'"  *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)).  This rule prevents district courts from considering questions the higher court has addressed conclusively or addressing issues on remand that could have been raised on appeal but were not.  *See Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (citations omitted).

Plaintiff's argument here rests on her misapprehension discussed above; Plaintiff claims the PF&R errs in its proposed finding that this Court's dismissal of Plaintiff's 2014 Action was unequivocally upheld on appeal.  Plaintiff argues that the Defendants abandoned their "quasi-immunity academic discretion" argument on appeal, and as a result the Fourth Circuit's decision was based exclusively on Plaintiff's failure to state legally viable claims.  As noted, Plaintiff apparently believes that a Rule 12(b)(6)-based dismissal for failure to state a claim is without prejudice by definition.  However, this is contrary to clearly-established precedent, which explains that a Rule 12(b)(6) dismissal for failure to state a claim is with prejudice and serves as a decision on the merits unless it is expressly without prejudice.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (quotations omitted) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.")  Accordingly, Plaintiff's belief that it was implicit within the Fourth Circuit's affirmance of this Court's dismissal of Plaintiff's 2014 Action that the dismissal should no longer be with prejudice is misplaced.

Additionally, as explained in detail above, this Court's dismissal of Plaintiff's 2014 Complaint was based on her failure to state a claim, not any doctrine analogous to immunity, as

she suggests.[9]   Had the Fourth Circuit affirmed dismissal on a different basis than that relied on

by this Court, that Court could have remanded the action for this Court to decide if its dismissal

should have been without prejudice.   *See Carter*, 761 F.2d at 975 ("Because we are affirming on

Rule 12(b)(6) grounds which were not the basis for dismissal by the district court, we remand for

its decision whether to dismiss with or without prejudice and express no thoughts on the merits of

that determination.").   The Fourth Circuit also could have affirmed this Court's dismissal on the

same basis this Court relied on, but modified it to be without prejudice.   *See King v. Rubenstein*,

825 F.3d 206, 225 (4th Cir. 2016) ("Accordingly, we affirm the dismissal as to Rubenstein and

Goodin but modify it to reflect that it is without prejudice.").   Given that the Fourth Circuit

affirmed this Court's decision on the same Rule 12(b)(6) basis this Court used, and declined to

modify the decision to be without prejudice or remand for this Court to consider the issue of

prejudice, the Court finds no reason to infer an intent to modify the dismissal.

Accordingly, Plaintiff's first objection is **OVERRULED**.

*B.  Application of the Savings Statute*

Plaintiff's second objection protests the PF&R's finding that West Virginia's savings

statute does not prevent the claims raised in the instant action from being time-barred.   West

Virginia's savings statute provides, in relevant part:

(a) For a period of one year from the date of an order dismissing an action or
reversing a judgment, a party may refile the action if the initial pleading was timely
filed and: (i) the action was involuntarily dismissed for any reason not based upon

---

[9]  In her argument on this objection, Plaintiff cites to the Fourth Circuit's statement in a footnote that "we may affirm on any grounds supported by the record, notwithstanding the reasoning of the district court."  (ECF No. 20 at 5.) The Court finds this citation to be misguided at best; the Fourth Circuit made this statement in the context of its finding that Plaintiff failed to state a claim for defamation both because the statements alleged were incapable of defamatory meaning and because they were privileged.  *See Kerr*, 824 F.3d at 75–76.  This not only affirmed this Court's basis for dismissal—that Plaintiff failed to state a defamation claim because the alleged statements could not be defamatory—but also took it a step further.

the merits of the action; or (ii) the judgment was reversed on a ground which does
not preclude a filing of new action for the same cause.

W. Va. Code § 55-2-18(a).   The PF&R finds that this statute is inapplicable to Plaintiff's claims

because "her first Complaint was involuntarily dismissed on the merits and the initial judgment

has not been reversed."   (ECF No. 19 at 14.)

It is clear that this objection rests upon Plaintiff's previously discussed misinterpretation

of the Fourth Circuit's Opinion affirming the dismissal of her 2014 Action.   Plaintiff argues that

"it was an error for the Magistrate to treat the Original Action as dismissed 'on the merits' at all,

because the [Fourth Circuit's] opinion was a controlling component of the mandate for the three

amended claims."   (ECF No. 20 at 7–8.)   Plaintiff asserts that "[a]ffirmance of 12(b)(6) dismissal

was 'not based upon the merits of the action.'"   (ECF No. 20 at 8.)   As explained above,

Plaintiff's presumption that a dismissal under Rule 12(b)(6) is without prejudice is directly

contrary to Fourth Circuit law, which explains that such dismissals are presumed to be with

prejudice and judgments on the merits unless the court indicates otherwise.   *See McLean*, 566

F.3d at 396.   This Court's dismissal of Plaintiff's 2014 Action was rendered with prejudice, and

thus operates as a judgment on the merits.   Thus, West Virginia's savings statute does not prevent

Plaintiff's claims from being time-barred by the applicable statutes of limitations.

Accordingly, Plaintiff's second objection is **OVERRULED**.

*C.  Waiver of Right to Amend*

Plaintiff's third specific objection asserts that the PF&R erred in its finding that Plaintiff

waived her right to amend her 2014 Complaint.   The PF&R proposes that this Court find Plaintiff

waived her right to amend her Complaint because she did not file a motion to amend before her

2014 Complaint was dismissed, she has not succeeded in having the judgment set aside,[10] and she did not continue her appeal to the United States Supreme Court.   (ECF No. 19 at 11.)   To the extent Plaintiff addresses the PF&R's reasoning on this recommendation, her arguments are based on her erroneous interpretation of the Fourth Circuit's decision affirming this Court's dismissal of her 2014 Complaint.   As this Court has already thoroughly addressed Plaintiff's underlying argument that the Fourth Circuit affirmed this Court's dismissal on a different basis than this Court relied on, the Court finds no reason to repeat that analysis.[11]

Accordingly, Plaintiff's third objection is **OVERRULED**.

### D. Application of Res Judicata to Bar Amendment

Plaintiff's fourth specific objection asserts that the PF&R erred in applying *res judicata* to bar Plaintiff from amending her 2014 Complaint with her new Complaint in the instant action. Plaintiff does not argue under the law of *res judicata* in this objection, but instead proceeds as if the filing of the instant action should be decided under Rule 15 of the Federal Rules of Civil Procedure's standard governing motions to amend.[12]   However, coupled with her arguments in

---

[10] The PF&R construes Plaintiff's Motion to Reopen and Consolidate Related Cases (ECF No. 10) as a Motion for Relief From Judgment under Rule 60(b), and recommends its denial.  As discussed below, this Court adopts the PF&R's recommendation on that issue and denies Plaintiff's Motion for Relief, so her attempt to have the judgment set aside was unsuccessful.  The Court notes that Plaintiff has also filed a motion under Rule 60(b) seeking relief from judgment in her earlier case, with an included request to amend her Complaint.  While the Court has not yet addressed this motion in her 2014 Action, it is unnecessary to do so before resolving the motions in the instant action. If the Court grants that motion, Plaintiff would be relieved from the judgment and amendment would be proper in that case, rendering this action duplicative.  If the Court denies that motion, Plaintiff would still be subject to that judgment.  Accordingly, the Court finds that it is unnecessary to address that motion before rendering disposition in this matter.

[11] The Court also finds that, because Plaintiff's claims are otherwise barred by *res judicata* and the applicable statutes of limitations, her argument that she did not waive her right to amend is moot.

[12] Plaintiff's discussion of the motion to amend standard is irrelevant to the application of *res judicata*.   As the PF&R notes, "a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated."  *Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013).   Accordingly, to the extent the standard for amendment of pleadings could be relevant at all in this case, Plaintiff's arguments under that standard presume her success in obtaining relief under Rule 60(b) from this Court's dismissal of her 2014 Action. However, the PF&R recommends denying Plaintiff's Motion to Reopen and Consolidate Related Actions to the extent it seeks relief under Rule 60(b)(6) on the grounds that it fails to demonstrate exceptional circumstances for relief.  As

her Response to the underlying Motion to Dismiss, it appears Plaintiff contests the application of *res judicata* purely on the grounds of whether there was a prior final judgment.

The doctrine of *res judicata* "bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). "The application of *res judicata* turns on the existence of three factors: '(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'" *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (quoting *Pueschel*, 369 F.3d at 354).[13] *Res judicata* prevents litigation of claims actually raised and litigated in a prior action, as well as "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citing *Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940)). "Courts presume that a litigant has 'done his legal and factual homework' and raised all grounds arising out of the same factual context to support his claims." *Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 596 (7th Cir. 1986)).

---

the Objections do not object to that finding, this Court adopts it, and there is no complaint for Plaintiff to amend. Additionally, the Court finds that, in light of Plaintiff's filing of a motion under Rule 60(b) in the 2014 Action, this issue is more appropriate for consideration in that case.

[13] Though Plaintiff does not raise the issue of which law of *res judicata* applies—instead arguing that the instant action should be treated as a Motion to Amend under Rule 15 of the Federal Rules of Civil Procedure and that *res judicata* is inapplicable entirely—the Court notes that because the prior relevant decision was issued by a federal court, federal *res judicata* law is applicable. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (citing *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179 (4th Cir. 1989)).

As noted, Plaintiff does not contest much of the *res judicata* analysis.   Plaintiff acknowledges in her Complaint that the defamation, due process, and equal protection claims she asserts in this action are "amended and re-asserted" versions of claims she raised in her previous action.[14]   (ECF No. 2, ¶ 18.)   A review of the parties named in the Complaint shows that they are the same Defendants named in the 2014 Complaint.   (ECF No. 2, ¶ 28–35.)   Accordingly, the second and third factors of *res judicata* are easily satisfied in this case, and Plaintiff does not appear to contest as much.

Instead, Plaintiff argues that there is no final judgment on the merits to bar the claims in her new Complaint.   (ECF No. 9 at 10–11.)   A dismissal for failure to state a claim is a final order on the merits for the purposes of *res judicata* if the dismissal is with prejudice.   *See Moitie*, 452 U.S. at 399 n.3; *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991) ("[A] dismissal under Rule 12(b)(6) is accorded res judicata effect . . . .").   Plaintiff acknowledges in her Response to the underlying Motion to Dismiss that a Rule 12(b)(6) dismissal can be a final decision for the purposes of *res judicata*, but asserts that this is only the case when a party fails to appeal it.   (ECF No. 9 at 11.)   Plaintiff argues that, since she appealed this Court's dismissal of her 2014 Action to the Fourth Circuit, this Court's prior opinion no longer has any

---

[14] Plaintiff does not argue that her equal protection claim is a new cause of action in this case because she raised it under Title IX, presumably based on her view that she is merely attempting to amend her 2014 Complaint and as such *res judicata* is inapplicable.   Regardless, the PF&R addresses the issue, relying on Fourth Circuit guidance that, for the purposes of *res judicata* "claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts."   *First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310, 1316 (4th Cir. 1996).   The PF&R recommends a finding that Plaintiff could have raised her Title IX claim in her 2014 Complaint, as it stems from the same core of operative facts.   (ECF No. 19 at 7–8, 11.)   Indeed, Plaintiff acknowledges in her Response to Defendants' Motion to Dismiss that she attempted to raise this Title IX claim on appeal, but the Fourth Circuit declined to consider it because she had not included it in her complaint.   (ECF No. 9 at 14.)   Accordingly, this Court agrees with the PF&R's reasoning and finds that Plaintiff's Title IX equal protection claim was available to her in her 2014 Action, so it is now barred by *res judicata*.

14

preclusive effect.   (ECF No. 9 at 11.)   In her view, the Fourth Circuit's affirmance of this Court's dismissal is "the operative final judgment on the merits," and because it dismissed on the basis of her failure to state her claims, it has no preclusive effect.   (ECF No. 9 at 11.)

Once again, Plaintiff's argument relies on her distorted view of her prior case's history. As discussed above, Plaintiff's claims in her 2014 Complaint were dismissed with prejudice for failure to state a claim, and the Fourth Circuit affirmed the dismissal on the same grounds.   The Fourth Circuit did not modify the dismissal to be without prejudice or remand for this Court to consider whether the dismissal should have been without prejudice, though it was within that Court's power.   Plaintiff has not cited to any law supporting the proposition that a district court's final judgment, which would have preclusive effect if left unappealed, is stripped of its preclusive effect by an appellate affirmance.   Accordingly, this Court's prior dismissal of Plaintiff's 2014 Action serves as the necessary final order on the merits for the purposes of *res judicata*.

Accordingly, Plaintiff's fourth objection is **OVERRULED**.

E.   *Class Action*

Plaintiff's final objection asserts that the PF&R errs in its recommendation that this Court find that she cannot serve as a class representative.   In addition to noting that Plaintiff had not yet filed a motion for class certification, the PF&R notes that her own due process claim has already been dismissed with prejudice in her 2014 Action.   In her objection, Plaintiff argues that it is premature to address the actual issue of class certification, but she does not address the issue of her own claim being barred.

The Supreme Court has held that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor*

15

*Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)).   A plaintiff cannot serve as the class representative where she does not have valid claims which give her the same interest and injury as the class she seeks to represent.   *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 274 (4th Cir. 2005).   As the PF&R notes, Ms. Kerr is currently the only plaintiff, and her due process claim is barred by *res judicata*.   This Court finds that it is unnecessary to address any of the other class certification criteria or decide whether such considerations would be premature if Plaintiff's individual due process claim were not barred by *res judicata*.   Plaintiff has no valid claim, so she cannot serve as a class representative.

Accordingly, Plaintiff's fifth objection is **OVERRULED**.

### IV.   CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Objections (ECF No. 20), **ADOPTS** the PF&R (ECF No. 19), **GRANTS** Defendants' Motion to Dismiss (ECF No. 6), **DENIES** Plaintiff's Motion to Reopen and Consolidate Related Actions (ECF No. 10), and **DISMISSES WITH PREJUDICE** this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          September 21, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE